UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
TAYLOR-DNAE THOMAS-GIAMBRONE, on behalf of herself and all other persons similarly situated,

Plaintiff,

-against-

WREN U.S. HOLDINGS, INC., WREN KITCHENS NEW YORK, INC., and WREN LOGISTICS, INC.,

Defendants.
---------------------------------------------------------------------X

**CLASS ACTION**
**COMPLAINT**

*Jury Trial Demanded*

Plaintiff, TAYLOR-DNAE THOMAS-GIAMBRONE ("Plaintiff"), on behalf of herself and all other persons similarly situated, by and through her attorneys, the Romero Law Group PLLC, complaining of the Defendants, WREN U.S. HOLDINGS, INC., WREN KITCHENS NEW YORK, INC. and WREN LOGISTICS, INC. ("Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. Defendants are entities that operated a kitchen design and distribution business in New York State. Plaintiff brings this action against Defendants for violations of the federal Worker Adjustment and Retraining Notification ("WARN") Act, 29 U.S.C. §§ 2101 2109, and the New York State WARN Act ("NY WARN Act"), NY Labor Law § 860 et seq., 12 N.Y.C.R.R. Part 921.

2. On April 23, 2026, Defendants abruptly terminated every employee that they employed in the State of New York State effective immediately, without providing any advance written notice.

3. None of the persons employed by Defendants in the State of New York received advance notice of their termination, much less the sixty days' advance written notice required under the WARN Act.

4. As a result of Defendants' failure to provide the notice required by the WARN Act, Plaintiff and similarly situated employees are entitled to recover back pay, benefits, and other relief as provided under 29 U.S.C. § 2104.

5. Plaintiff and all similarly situated employees seek to recover up to 60 days wages and benefits, pursuant to 29 U.S.C. § 2104 and NYLL § 860-g (2), from Defendant.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7. In addition, the Court has jurisdiction over Plaintiff's claims under WARN pursuant to 29 U.S.C. § 2104(a)(5.

8. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the Plaintiff and the Defendants and the amount in controversy exceeds $75,000.00.

9. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391.

## PARTIES

10. Defendant, WREN U.S. HOLDINGS, INC., is a Delaware corporation with corporate headquarters in Sugar Notch, Pennsylvania.

11. Defendant, WREN KITCHENS NEW YORK, INC., is a Delaware corporation with corporate headquarters in Sugar Notch, Pennsylvania.

12. Defendant, WREN LOGISTICS, INC., is a Delaware corporation with corporate headquarters in Sugar Notch, Pennsylvania.

13. Defendants are affiliated corporate entities that operate as a single integrated business enterprise engaged in the design, manufacture, and distribution of kitchens within the United States.

14. Defendants share the same principal place of business, share common ownership, common directors and/or officers, a de facto exercise of control over one another's operations, a unity of personnel policies emanating from a common source, and a dependency of operations.

15. Defendant Wren U.S. Holdings, Inc. is the parent company of the other Defendant entities and exercises centralized control over personnel decisions, payroll administration, and day-to-day operations of Defendants' business operations in New York State.

16. Defendants collectively and individually constitute a single "employer" within the meaning of the federal WARN Act—that is, a "business enterprise" that employed 100 or more employees, excluding part-time employees, and/or employed 100 or more employees, including part-time employees, who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime.

17. Defendants collectively and individually constitute a single "employer" within the meaning of the New York WARN Act—that is, a private business with 50 or more full-time employees. Defendants' decision to immediately cease all operations in the United States affected more than 25 full-time employees in the State of New York.

**CLASS ACTION ALLEGATIONS**

18. Plaintiff brings this action on behalf of herself and all others similarly situated pursuant for violations of 29 U.S.C. § 2101 et seq. and NY Labor Law § 860 et seq., 12 N.Y.C.R.R. Part 921, pursuant to 29 U.S.C. § 2104(a)(5) and Fed. R. Civ P. 23(a),

19. Plaintiff seeks certification of a class comprised of all employees of Defendants who worked at any of their showrooms, design studios, and distribution centers in the State of New York and who were terminated on April 23, 2026.

20. Class members are so numerous that joinder is impracticable. Upon information and belief, the class includes approximately 100 or more individuals.

21. The members of the putative class are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. Rule 23.

22. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of putative class members is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, upon information and belief there are over one hundred (100) individuals who were employed by the Defendants in the State of New York and who were terminated April 23, 2026.

23. Proceeding as a class action is superior to numerous individual actions and will promote judicial economy and consistent adjudication.

24. Individual litigation would be economically infeasible for class members and would unnecessarily burden the courts.

25. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including, but not limited to, whether the provisions of WARN apply; whether Defendants provided advance written notice required by the

federal and state WARN Act; whether any exception to the WARN Act's notice requirements applies; and the appropriate formulae to measure damages under WARN.

26. Plaintiff's claims are typical of the claims of the Class that she seeks to represent. Defendant failed to provide Plaintiff with the notice required by WARN before terminating her employment on April 23, 2026. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

27. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff has retained counsel competent and experienced in class actions and employment litigation.

28. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of WARN, where damages are limited to 60 days' wages, individual plaintiffs likely lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

29. Absent class certification, the Defendants will retain the benefits of their unlawful practices and class members will be left without an adequate remedy.

30. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The

adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

31. The members of the Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendants' practices.

## FACTUAL ALLEGATIONS

32. Plaintiff was employed by Defendants at their showrooms in Levittown and Yonkers, New York.

33. On April 22, 2026, Plaintiff and class members received an internal email notifying them of anticipated interruptions to the computer systems the next day as a result of work performed by IT.

34. On April 23, 2026, Plaintiff was at work in Defendants' Yonkers showroom when, at approximately 3:00 p.m., all the computers in the showroom suddenly went down.

35. On April 23, 2026, Plaintiff was informed that Defendants had decided to cease all operations in the United States, including all retail stores, showrooms, studios, and distribution centers in the State of New York.

36. The employment of Plaintiff and class members were terminated by Defendants, effective immediately.

37. Defendants immediately deactivated employees' access to all computer systems. Plaintiff was instructed to cancel all active appointments for customers. Indeed, Plaintiff was required to escort customers from the Yonkers showroom. Defendants instructed staff to post signage on the showroom doors stating that the store is closed and directing customers to call Defendants' Pennsylvania support center. Defendants' employees were instructed to lock the showroom, set the alarm, and place keys in the designated lockbox.

38. Defendants collectively employed approximately 100 or more employees in the State of New York prior to the mass layoff on April 23, 2026.

39. On April 23, 2026, Defendants terminated every person that they employed in showrooms, studios and distribution centers in New York State, including Plaintiff.

40. Defendants informed the affected employees that they would be paid through April 23, 2026, but offered no further compensation.

41. Defendants provided no advance written notice to any affected employee as required by the federal and state WARN Act.

42. Defendants failed to provide Plaintiff and the putative members of the Class with 60 days written notice of their termination, as required by the WARN Act.

43. Plaintiff brings the First Claim for Relief for violation of 29 U.S.C. § 2101 et seq., on behalf of herself and all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Fed. R. Civ P. 23(a), who worked in the State of New York and who were terminated on April 23, 2026.

44. Plaintiff brings the Second Claim for Relief for violation of NY WARN Act on behalf of herself and all other similarly situated former employees, pursuant to Fed. R. Civ P. 23(a), who worked in the State of New York and who were terminated on April 23, 2026.

**FIRST CLAIM FOR RELIEF**
**VIOLATION OF THE FEDERAL WARN ACT**

45. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

46. Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime.

47. Defendants constitute an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639.(3)(a)(1) and continued to operate as a business until it decided to order the mass layoff or plant closing.

48. On or about April 23, 2026, Defendants ordered a mass layoff and/or plant closing, as that term is defined by 29 U.S.C. § 210l(a)(2)(3).

49. The mass layoff or plant closing resulted in "employment losses," as that term is defined by 29 U.S.C. § 2101(a)(3) for at least fifty of Defendants' full-time employees as well as thirty-three percent of Defendant's workforce in the State of New York.

50. Plaintiff and the Class Members were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendants in the State of New York.

51. Plaintiffs and the Class Members are "affected employees" of Defendants, within the meaning of 29 U.S.C. § 2101(a)(5).

52. Defendants were required by the WARN Act to give Plaintiffs and the Class Members at least 60 days advance written notice of their terminations.

53. Defendants failed to give Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

54. Plaintiff and each of the Class Members are "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. § 2104(a)(7).

55. Defendants failed to pay Plaintiffs and each of the Class Members their respective wages for 60 days following their respective terminations.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF THE NEW YORK WARN ACT**

56. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

57. Defendants constitute an "employer" under the NY WARN Act and continued to operate as a business until they decided to order a mass layoff or plant closing in the State of New York as defined by § 860-A(3),(4).

58. On April 23, 2026, Defendants ordered the immediate terminations of all persons that they employed in the State of New York impacting more than 25 full-time employees.

59. Defendants were required by the NY WARN Act to give the Plaintiff and Class Members at least 90 days' advance written notice of their terminations pursuant to § 860-B.

60. Defendants failed to give the Plaintiff and New York Class Members written notice that complied with the requirements of the NY WARN Act.

61. Defendants failed to provide adequate written notice to affected employees at least 90 days in advance of the reduction in workforce.

62. Defendants failed to pay the Plaintiff and each of the New York Class Members their respective wages for 60 days following their respective terminations.

**DEMAND FOR JURY TRIAL**

63. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

64. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i.) Certification of a Class Action pursuant to Fed. R. Civ. P. 23;

(ii.) Designation of Plaintiff as representative of the Class and counsel of record as Class Counsel;

(iii.) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the federal WARN Act;

(iv.) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the New York WARN Act;

(v.) Awarding Plaintiff and each Class member back pay at the rate of their average regular rate of compensation or final regular rate of compensation (whichever is higher) for each day of the WARN Act violation, up to a maximum of sixty days, in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A) and NYLL § 860-g (1)(a);

(vi.) Awarding Plaintiff and each Class member the value of the cost of any benefits to which they would have been entitled under employee benefit plans, including medical, dental, vision, life insurance, and 401(k) contributions, for the sixty-day WARN Act violation period, pursuant to 29 U.S.C. § 2104(a)(1)(B);

(vii.) Reasonable attorneys' fees and the costs incurred in prosecuting these claims;

(viii.) Pre-judgment and post-judgment interest as permitted by law; and

(ix.) Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
April 25, 2026

ROMERO LAW GROUP PLLC

By: */s/ Peter A. Romero*
________________________

Peter A. Romero, Esq.
490 Wheeler Road, Suite 277
Hauppauge, New York 11788
(631) 257-5588
Promero@RomeroLawNY.com

*Attorneys for Plaintiff*